STATE CENTRAL PURCHASING ACT — WILDLIFE CONSERVATION Pursuant to Senate Bill No. 144, 1974 Legislature, henceforth all purchases of personal property made by the Wildlife Department must be made through the Central Purchasing Division of the State Board of Public Affairs, the sole authority to determine that property which is necessary or useful in the conduct of its operations being vested in the Wildlife Commission. The Attorney General has received your letter in which you asked for an opinion on the following question: Is the Wildlife Conservation Department subject to the State Central Purchasing Act? As you have noted, the new Wildlife Code, at Section 29 O.S. 3-103 [29-3-103](B) provides: "In addition to the powers and duties as herein defined, the Commission shall have the following specific powers and duties: . . . . "7. To supervise the letting of all contracts and purchases for the department, with all purchases of personal property to be made through the Central Purchasing Division of the State Board of Public Affairs." Article XXVII, Section 2 of the Oklahoma Constitution provides in relevant part that: "The Commission may acquire by purchase, gift, . . . or otherwise, all property necessary, useful, or convenient for its use in carrying out the objects and purposes of this Article." See also Section 303A of the new Wildlife Code. Article XXVII, Section 4 of the Oklahoma Constitution provides in relevant part that: "The fees, monies, or funds arising from the operation. . . of said commission. . . shall be expended and used by said commission for the control, management, . . . of the. . . Wildlife resources of the state, including the purchase or other acquisition of property for said purposes. . ." The general Oklahoma Central Purchasing Act was enacted by the Legislature in 1959, three years after the people adopted the above cited constitutional provisions establishing the Wildlife Conservation Commission. As you have noted in your letter, your exact question was the topic of inquiry in an Attorney General's opinion dated July 22, 1959, and addressed to the Board of Affairs. That opinion specifically held that the Wildlife Department and Commission was not required to present a requisition to the Purchasing Division of the Board of Public Affairs for property acquired by the Wildlife Department. The basis for the holding in that opinion was 74 O.S. 85.12 [74-85.12](4) (1971), which exempted from the Central Purchasing Act acquisition by agencies out of funds derived from sources other than state collected funds. It was stated in the opinion that since the Legislature had not appropriated funds to the Commission, and that since they operated on funds generated and collected by their fees, licenses, and other operations, that the funds in the Wildlife Conservation Fund were funds derived from sources other than state collected funds, within the meaning of 74 O.S. 85.12 [74-85.12](4) (1971), and, therefore, not within the purview of the general Central Purchasing Act. The Attorney General's Opinion of July 22, 1959, supra, was correct in its conclusion as based upon the law in existence at that time of 1959. However, the Legislature, through the new Wildlife Code at Section 3-103B(7), supra, has specifically and expressly made the Commission subject to the Central Purchasing Act. Notwithstanding the fact that Article XXVII, Section 2 of the Oklahoma Constitution, supra, specifically authorizes the Commission to acquire "all property necessary, useful or convenient," to carry out their purposes, the procedure and condition established by Section 29 O.S. 3-103B [29-3-103B](7), supra, does not contravene that provision of the Constitution. By enacting Section 3-103B(7), supra, the Legislature merely prescribed the method or procedure to be followed in purchasing certain items of personal property, which was a competent subject for legislation, with the Commission retaining the sole authority pursuant to Article XXVII of the Oklahoma Constitution, to determine what property was necessary or useful to conduct its operations. In that regard you will note that 29 O.S. 8-107 [29-8-107] of the new Wildlife Code provides as follows: "All chapters, articles and sections of Title 29, Oklahoma Statutes, which are in effect as of the date this code becomes operative, are hereby repealed, and all other laws or parts of laws inconsistent with the provisions of this Code are hereby repealed." (Emphasis added) It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Pursuant to Senate Bill No. 144, 1974 Legislature, henceforth all purchases of personal property made by the Wildlife Department must be made through the Central Purchasing Division of the State Board of Public Affairs, the sole authority to determine that property which is necessary or useful in the conduct of its operations being vested in the Wildlife Commission. (William Don Kiser)